UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CHARLES JOSEPH MARSHALL                                                    PLAINTIFF

VERSUS                                                 CIVIL ACTION NO. 1:08CV1387-RHW

DAVID ALLISON and
PEARL RIVER COUNTY                                                        DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Charles Joseph Marshall, proceeding *pro se* and *in forma pauperis*, filed the

instant 42 U.S.C. § 1983 civil rights complaint in which he alleges (1) inadequate medical care,

(2) unconstitutional conditions of confinement, and (3) verbal abuse by prison guards.  Plaintiff

filed his [1] complaint on November 6, 2008.  On February 6, 2009, the Court granted Plaintiff

leave to file an amended complaint;  however, Plaintiff did not file the amended complaint.

Nevertheless, out of an abundance of caution, the Court will consider the issues raised in

Plaintiff's [16] Motion to Amend Complaint.  As his request for relief, Plaintiff wants the jail to

be "brought up to civil right standards", correctional officers to receive better training, and

compensation for mental and emotional anguish.

The Court conducted a screening hearing on May 13, 2009.  Defendants  filed a [65]

Motion to Dismiss or for Summary Judgment on September 20, 2010.  Plaintiff has not filed a

response in opposition to the motion and the deadline to do so has passed by over four months.

## Factual Background

Marshall was incarcerated at the Pearl River County Jail beginning August 22, 2008.  He

remained in custody for approximately six months.  As a result of his incarceration, Plaintiff

alleged that he received inadequate medical care for a staph infection.  He further alleged that he

was subjected to verbal abuse by prison guards.  Plaintiff also alleged a litany of unconstitutional

conditions of confinement, which included:  (1) unclean drinking water; (2) cold food; (3)

unsanitary living conditions; (4) no cleaning on weekends; (5) improper ventilation; (6) no yard

call on regular basis; (7) dinner tables used for beds and lack of beds generally;  (8) mold on

walls and in showers; (9) mail not being delivered in a regular fashion; (10) overcrowding; (11)

cardboard covering windows of observation tower, putting Plaintiff's safety at risk; (12) no

posted fire escapes, nor fire drills; and (13) inadequate hygiene supplies.  Plaintiff was released

from custody in February 2009.

### Law and Analysis

Rule 56(c) authorizes summary judgment where "the pleadings, depositions, answers to

interrogatories and admissions on file, together with affidavits, if any, show that there is no

genuine dispute as to any material fact and that the moving party is entitled to judgment as a

matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Where "the summary

judgment evidence establishes that one of the essential elements of the plaintiff's cause of action

does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial.

*See Celotex*, 477 U.S. at 323, 106 S.Ct at 2552."  *Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th

Cir. 1992).  In making its determinations of fact on a motion for summary judgment, the court

must view the evidence submitted by the parties in a light most favorable to the non-moving

party.  *McPherson v. Rankin*, 736 F.2d 175, 178 (5th Cir. 1984).

The moving party has the duty to demonstrate the lack of a genuine issue of material fact

and the appropriateness of judgment as a matter of law to prevail on his motion.  *Union Planters*

*Nat'l Leasing v. Woods*, 687 F.2d 117 (5th Cir. 1982).  The movant accomplishes this by

informing the court of the basis of its motion, and by identifying portions of the record which

highlight the absence of genuine factual issues.  *Topalian*, 954 F.2d at 1131.  "Rule 56

contemplates a shifting burden:  the nonmovant is under no obligation to respond unless the

movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]."

*John*, 757 F.2d at 708.  "Summary judgment cannot be supported solely on the ground that

[plaintiff] failed to respond to defendants' motion for summary judgment".  *Id.* at 709.  However,

once a properly supported motion for summary judgment is presented, the nonmoving party must

rebut with "significant probative" evidence.  *Ferguson v. Nat'l Broad. Co., Inc.*, 584 F.2d 111,

114 (5th Cir. 1978).

### Inadequate Medical Care

To state a constitutional claim for denial of adequate medical care, Plaintiff must

demonstrate that Defendants were deliberately indifferent to Plaintiff's serious medical needs,

such that it constituted an unnecessary and wanton infliction of pain.  *Estelle v. Gamble*, 429

U.S. 97, 106 (1976).  A prison official is not liable for the denial of medical treatment unless the

official knows of and disregards an excessive risk to inmate health or safety.  *Harris v. Hegmann*,

198 F.3d 153, 159 (5th Cir. 1999).  An allegation of malpractice or mere negligence is insufficient

to state a claim.  *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999).  Moreover, the fact that a

prisoner disagrees with the type of medical treatment does not constitute a constitutional

deprivation.  *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997).

The medical records reveal that Plaintiff received repeated treatment for his staph

infection.  For example, on August 27, 2008, an area on his right shin was cleaned and a band-aid

applied.  On August 29, 2008, medical staff cleaned and dressed a boil and provided Plaintiff

with ibuprofen.  The Medication Administration Record reveals that Plaintiff received antibiotics

twice a day in August 2008.  After Plaintiff complained of a staph infection on September 18,

2008, medical personnel provided antibiotics for ten days and ibuprofen for five days.  At his

deposition and screening hearing, Plaintiff admitted that his infections were examined and

treated by medical staff.

The undisputed medical evidence demonstrates that Defendants were not deliberately

indifferent to Plaintiff's medical condition.  Rather, he received regular treatment for his staph

infections.  At most, Plaintiff disagrees with the type and method of treatment.  Such an

allegation, however, fails to state a constitutional claim for inadequate medical care.  Moreover,

Plaintiff has not alleged that Sheriff Allison participated in any way in Plaintiff's medical

treatment or that Sheriff Allison was aware of Plaintiff's condition and course of treatment.

### Verbal Abuse

Plaintiff alleges that he was a victim of verbal abuse at the jail.  Specifically, on one

occasion a prison guard got in his face, yelled at him, and threatened him with mace.  Plaintiff

does not allege any conduct by Defendant Allison or Pearl River County regarding this alleged

incident of verbal abuse.  With respect to this claim, Plaintiff's only real complaint against

Allison is in his supervisory capacity.  Defendant may not be held liable for the unconstitutional

conduct of his subordinates under a theory of *respondeat superior*.  *See Kohler v. Englade*, 470

F.3d 1104, 1114-15 (5th Cir. 2006); *Williams v. Luna*, 909 F.2d 121, 123 (5th Cir. 1990).  Nor has

Plaintiff alleged supervisory liability in that Defendant somehow sanctioned or could have

prevented the incident in question.  *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948-50 (2009)

(explaining the limits of supervisory liability).  Regardless, a single incident of verbal abuse does

not create a cause of action under the constitution.  *See Bender v. Brumley*, 1 F.3d 271, 274 n.4

(5th Cir. 1993)("mere allegations of verbal abuse do not present actionable claims under §

1983");  *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983)("threatening language and

gestures of a custodial officer do not, even if true, amount to a constitutional violation").

### **Conditions of Confinement**

Plaintiff makes numerous claims referring to what he alleges are unconstitutional

conditions of confinement.  The Constitution does not require that inmates be housed in

comfortable prisons; however, the Eighth Amendment's prohibition against cruel and unusual

punishment does require that prisoners be afforded humane conditions of confinement and prison

officials are to ensure that inmates receive adequate food, shelter, clothing, and medical care.

*Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001); *Harper v. Showers*, 174 F.3d 716, 719

(5th Cir. 1999); *see also Helling v. McKinney*, 509 U.S. 25, 36 (1993) (holding that the inmate

must show that the risk of which he complains is "so grave that it violates contemporary

standards of decency to expose anyone unwillingly to such a risk").

In order to establish an Eighth Amendment violation regarding conditions of

confinement, an inmate must establish (1) that the deprivation alleged was sufficiently serious,

i.e. an official's act or omission must have resulted in the denial of "the minimal civilized

measure of life's necessities"; and (2) that the prison official possessed a sufficiently culpable

state of mind.  *Id.*  The required state of mind is one of deliberate indifference to inmate health or

safety.  *Id.*  Deliberate indifference is established by showing that prison officials (1) were aware

of facts from which an inference of excessive risk to the prisoner's health or safety could be

drawn; and (2) that they actually drew an inference that such potential for harm existed.  Pursuant

to 42 U.S.C. § 1997e(e), an inmate may not recover for emotional or mental damages without a

showing of a specific physical injury.  *Id.* at 665.

As an initial matter, Plaintiff does not allege that Sheriff Allison was aware of any risk to inmate health or safety as outlined in Plaintiff's complaint, which would relieve Sheriff Allison of any liability in his individual capacity.  At most, Plaintiff has stated a cause of action against Sheriff Allison in his official capacity and Pearl River County for a custom or practice of maintaining a substandard jail facility for inmates in Pearl River County.

Many of Plaintiff's allegations relate to the cleanliness or unsanitary condition of the jail. For example he asserts that the drinking water does not appear to be clean; that the jail does not provide cleaning supplies on weekends; that there is mold on the walls and in the showers; that the air vents are dusty; and that he does not receive adequate personal hygiene supplies.  Jails must provide "reasonably adequate" sanitation.  *Green v. Ferrell*, 801 F.2d 765, 771 (5th Cir. 1986).  However, Plaintiff has failed to allege conditions of confinement that result in the denial of "the minimal civilized measure of life's necessities".  *See Herman*, 238 F.3d at 664. Moreover, insofar as Plaintiff is seeking injunctive relief, his claims are moot because he is no longer incarcerated.  *See Edwards v. Johnson*, 209 F.3d 772, 776 (5th Cir. 2000); *Rocky v. King*, 900 F.2d 864, 867 (5th Cir. 1990).  The Court also notes that, other than staph infections, Plaintiff does not allege any physical injury resulting from his confinement at the Pearl River County Jail.

Turning to some of Plaintiff's other specific complaints, he fails to state a claim with respect to "yard call".  He admitted at the screening hearing that he eventually received "yard call" about three times a week.  Recreation three times a week does not rise to the level of a constitutional violation.  *See Green*, 801 F.2d at 771; *see also Beck v.* Lynaugh, 842 F.2d 759,

762 (5th Cir. 1988) .

With respect to Plaintiff's allegations of overcrowding, under certain circumstances, an overcrowded jail may constitute cruel and unusual punishment such that it violates the Constitution.  *See e.g. Alberti v. Sheriff of Harris County, Texas*, 974 F.2d 984 (5th Cir. 1991). However, overcrowding of prisoners is not *per se* unconstitutional.  *Rhodes v. Chapman*, 451 U.S. 337, 347-50 (1981).  In the instant case, Plaintiff alleges that he had to sleep on the floor for two weeks with only a blanket and no mattress.  The temporary inconvenience of sleeping on the floor without a mattress does not amount to a constitutional violation.  *See Mann v. Smith*, 796 F.2d 79, 85-86 (5th Cir. 1986); *Johnson v. Pelker*, 891 F.2d 136, 138-39 (7th Cir. 1989); *Carlyle v. Aubrey*, 189 F.Supp.2d 660, 664 (W.D. Ky. 2001); *Ware v. Fairman*, 884 F.Supp. 1201, 1207 (N.D. Ill. 1995).

Plaintiff complains that the jail food is not hot.  This is a frivolous claim.  Plaintiff has presented nothing more than an unsubstantiated and conclusory allegation that his meals somehow were inadequate.  He does not indicate that the meals lack the proper nutritional value to pass constitutional muster.  *See Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998); *Green,* 801 F.2d at 770-71.

The Court also finds that Plaintiff's allegations that the jail does not perform fire drills or safety drills is insufficient to state a cause of action of constitutional magnitude.  Although there is case law suggesting that fire hazards at prisons may rise to a constitutional level, the Court finds that the United States Constitution does not guarantee an inmate the right to participate in fire drills.  *See Ruiz v. Estelle*, 679 F.2d 1115, 1152-53 (5th Cir. 1982); *Hadix v. Johnson*, 367 F.3d 513, 527-30 (6th Cir. 2004).  Negligent exposure to a risk is not sufficient to create an

Eighth Amendment violation.  *See Farmer*, 511 U.S. at 835-36.  The same is true with respect to

Plaintiff's allegations that there was cardboard covering the guard tower windows and that it

made him feel unsafe.  Plaintiff was not assaulted nor were his fears realized in any way by this

allegedly unsafe condition.  Moreover, he is no longer incarcerated so the danger, if any, has been

mitigated.

Plaintiff's claims regarding late mail and that mail was not opened in his presence are

equally unavailing.  The control of mail to and from prisoners is a necessary adjunct of penal

administration.  *See Thronburgh v. Abbott*, 490 U.S. 401, 407-08 (1989).  The Fifth Circuit has

held that there is no constitutional requirement that a prisoner be present when his incoming

mail, even legal correspondence, is opened and inspected.  *See Brewer v. Wilkinson*, 3 F.3d 816,

825 (5th Cir. 1993).  The fact that mail may be delayed by several days does not by itself rise to

the level of a constitutional violation.  *See Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir.

1988)(holding that delay in mail delivery does not offend constitution if such delay did not

prejudice the prisoner legally).

### Conclusion

Based on the foregoing, the Court finds that Defendants have demonstrated that there is

no genuine issue of material fact as to any of Plaintiff's claims.  Plaintiff has failed to establish a

constitutional violation; therefore, the Defendants' [65[ Motion to Dismiss and for Summary

Judgment is GRANTED.  Plaintiff's complaint is hereby dismissed with prejudice.

SO ORDERED, this the 11th day of February, 2011.

s/ *Robert H. Walker*
UNITED STATES MAGISTRATE JUDGE